J-S04025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC HERBERT | |
| Appellant | No. 3296 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 23, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No.: CP-23-CR-0004272-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 06, 2020**

Appellant Eric Herbert appeals from the October 23, 2018 judgment of sentence entered in the Court of Common Pleas of Delaware County ("trial court") following the revocation of his probation.  His counsel has filed a brief and an application to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

The facts and procedural history of this case are undisputed.  Briefly, on September 8, 2014, Appellant pleaded guilty to resisting arrest under 18 Pa.C.S.A. § 5104, a second-degree misdemeanor that carried a maximum sentence of two years' imprisonment.  On the same day, the trial court sentenced Appellant to one year of probation.  On October 26, 2015, following

a *Gagnon II*[1] hearing, the trial court resentenced Appellant to one year of probation, to be served consecutively with his other sentences. Appellant once again violated the terms of his probation because he failed to report to his probation officer. At his October 23, 2018 *Gagnon II* hearing, Appellant stipulated to the fact that he failed to report to his assigned agent on March 12, 2018. N.T. Hearing, 10/23/18, at 8. The trial court resentenced Appellant to six to twenty-three months' imprisonment. Appellant did not file any post-sentence motion. *See* Pa.R.Crim.P. 708(E). He, however, timely appealed.[2]

On November 18, 2019, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an *Anders* brief, wherein counsel challenged the discretionary aspects of Appellant's sentence. Specially, counsel claimed that "the sentence of incarceration imposed in this matter on October 23, 2018 was harsh and excessive under all the circumstances presented in the record which, when taken together into a fair consideration,

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court determined a two-step procedure was required before a parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [*Gagnon I*] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [*Gagnon II*] prior to the making of a final revocation decision.

*Id.* at 781-82.

[2] Appellant failed to comply with the trial court's order directing him to file Pa.R.A.P. 1925(b) statement of errors complained of on appeal. We, however, decline to dismiss this appeal on that basis, given the filing of the *Anders* brief and application to withdraw.

clearly indicated that probation was more warranted than imprisonment." **Anders** Brief at 3 (unnecessary capitalization omitted).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole claim before us implicates the discretionary aspects of sentencing.[3] It is well-settled that "[t]he right to appeal a discretionary aspect

---

[3] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record

of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Here, although Appellant timely appealed from the October 23, 2018 judgment of sentence, he failed to preserve the discretionary aspects of sentencing claim for our review because he did not raise it before the trial court at sentencing or in the post-sentence motion. **See** Pa.R.Crim.P.

---

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

**Commonwealth v. Bowen**, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting **Commonwealth v. Cunningham**, 805 A.2d 566, 575 (Pa. Super. 2002)), **appeal denied**, 64 A.3d 630 (Pa. 2013).

720(A)(1); *see also Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion). In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Cartrette*, 83 A.3d at 1042 (citation omitted). Accordingly, Appellant's sole claim implicating the discretionary aspects of sentencing is waived.

We have conducted an independent review of the record and addressed Appellant's argument on appeal. Based on our conclusions above, we agree with Appellant's counsel that the sentencing issue Appellant seeks to litigate in this appeal is wholly frivolous. We, therefore, affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/6/2020*

- 6 -